IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **LILIANA MARIN,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-19-2622 |
| | * | |
| **LOCKHEED MARTIN CORPORATION,** | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Liliana Marin brought this civil action against Defendant Lockheed Martin Corporation alleging defamation and false light based on emails Defendant's employee sent to Plaintiff's superiors about Plaintiff's work performance and conduct. ECF No. 1. Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. ECF No. 19.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is granted.

**I.   BACKGROUND**

At all relevant times, Plaintiff was employed by the Federal Government, in the F-35 Joint Strike Fighter Program Office ("JPO") as the F-35 Property Manager Lead and IUID Program Manager with the Naval Air Warfare Center, Aircraft Design. ECF No. 8 ¶ 5. Prior to 2016, Plaintiff noticed noncompliance by Defendant regarding property management policies and regulations that she brought to the attention of her superiors. *Id.* ¶ 6. In 2016, she performed

---

[1] Also pending before the Court is Defendant's Motion to Dismiss the false light claim. ECF No. 6. Plaintiff subsequently filed an Amended Complaint that removed the false light claim. ECF No. 8. Therefore, Defendant's Motion to Dismiss is denied as moot.

1

site assessments at Beaufort Marine Corps Air Station in South Carolina and Luke Air Force Base in Arizona where she discovered further deficiencies in Defendant's property management practices. *Id.* ¶ 7. She did a separate property management audit of Defendant's Fort Worth, Texas facility on December 18, 2017, when she encountered Katie Ciccarino, an employee of Defendant. *Id.* ¶¶ 9, 10.

On January 4, 2019 and February 14, 2019, Ms. Ciccarino sent two emails concerning Plaintiff to Eric Cassatt, Plaintiff's team lead, and Rob Burnes, the F-35 program operations director. *Id.* ¶ 9. In the January 4 email, Ms. Ciccarino made false statements about Plaintiff's conduct with respect to her site visits, that she presented Defendant's work as her own, that she directed Defendant to take actions that would have violated federal regulations, that she undermined Defendant's employees, and that she provided no notice of her site visits and audits. *Id.* ¶ 13. In the February 14 email, Ms. Ciccarino made false statements that Plaintiff attempted to "un-do" agreements and progress that Defendant had made with Mr. Cassatt and misrepresented Plaintiff's conduct with respect to a bid for one of Defendant's project proposals. *Id.* ¶ 14. As a result of these emails, Plaintiff suffered injury to her reputation and standing with her employer. *Id.* ¶ 24.

On September 10, 2019, Plaintiff filed a Complaint in this Court alleging defamation and false light against Defendant. ECF No. 1. On October 17, 2019, Defendant filed a Motion to Dismiss the false light claim. ECF No. 6. On October 20, 2019, Plaintiff filed an Amended Complaint that removed the false light claim. ECF No. 8. Defendant filed an Answer on November 13, 2019. ECF No. 13. On December 4, 2019, Plaintiff filed a Motion for Leave to File Second Amended Complaint. ECF No. 19. The Motion is unopposed.

## II. DISCUSSION

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Here, the proposed Second Amended Complaint adds additional allegations regarding an additional false statement in the January 4 email, *see* ECF No. 19-2 ¶ 13(i), Defendant's motive and intent, *see id.* ¶¶ 15, 26, 28, and the manner in which the false statements damaged Plaintiff's reputation in the workplace and constituted defamation *per se*, *see id.* ¶ 25. Defendant has not opposed these amendments, and the Court sees no prejudice to Defendant as a result of these more detailed allegations. Moreover, there is no evidence that Plaintiff has acted in bad faith and these amendments are not futile. Thus, Plaintiff's Motion for Leave to File Second Amended Complaint is granted.

## III. CONCLUSION

For the reasons stated, it is hereby ordered by the United States District Court for the District of Maryland that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 19, is **GRANTED**;

2. Defendant's Motion to Dismiss, ECF No. 6, is **DENIED AS MOOT**; and

3. Defendant **SHALL** file an Answer within fourteen (14) days of the date of this Order and Memorandum Opinion.

Date: <u>May     28 , 2020</u>                                  _/s/_____
                                                                          GEORGE J. HAZEL
                                                                         United States District Judge